UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMAZON.COM, INC., a Delaware corporation; AMAZON.COM SERVICES LLC, a Delaware limited liability company, <br><br> Plaintiffs, <br><br> v. <br><br> KAMRYN RUSSELL, an individual; Individuals and/or Entities Doing Business as Certain Amazon Selling Accounts Identified in SCHEDULES 1A and 1B; and DOES 1-10, <br><br> Defendants. | No.   23-1375 <br><br> **COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF** |

## I.     INTRODUCTION

1.     This case involves Defendants' unlawful and expressly prohibited advertisement, promotion, and/or sale of counterfeit and/or infringing luxury fashion products. Amazon.com, Inc. and Amazon.com Services LLC (collectively, "Amazon" or "Plaintiffs") bring this lawsuit to permanently prevent and enjoin Defendants from causing future harm to Amazon's customers and reputation, and to hold Defendants accountable for their illegal actions. As set forth in detail below, this case revolves around an individual, Defendant Kamryn Russell ("Russell"), who engages in social influencer activities on various websites and apps for the purpose of promoting, advertising, and facilitating the sale of counterfeit and/or infringing luxury fashion goods,

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 1

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

including those sold by the Amazon selling accounts ("Selling Accounts"), and the persons and entities behind such accounts, detailed in **Schedules 1A and 1B** attached hereto (the "Trafficker Defendants," and collectively with Russell, "Defendants"). Together, Russell and these bad actors engaged in a sophisticated campaign of false advertising in an attempt to evade Amazon's counterfeit and infringement detection tools.

2.      Amazon.com Services LLC owns and operates the Amazon.com store (the "Amazon Store") and Amazon's affiliates own and operate equivalent counterpart international stores and websites. Amazon's stores offer products and services to customers in more than 100 countries around the globe. Some of the products are sold directly by Amazon entities, while others are sold by Amazon's numerous third-party selling partners. The Amazon brand is one of the most well-recognized, valuable, and trusted brands in the world. To protect its customers and safeguard its reputation for trustworthiness, Amazon invests heavily in both time and resources to prevent counterfeit and infringing goods from being sold in its stores. In 2022 alone, Amazon invested over $1.2 billion and employed more than 15,000 people to protect its stores from fraud and abuse. Amazon stopped over 800,000 suspected bad-actor selling accounts before they published a single listing for sale.

3.      Russell used her social media accounts to direct her followers to links for product listing pages in the Amazon Store that she indicated were for counterfeit and/or infringing Prada, Chanel, Valentino Garavani, Dior, Louis Vuitton, and other luxury brand products, even though the listing pages showed non-branded, non-infringing products. In other words, bad actors operating Amazon selling accounts disguised the product listing pages to conceal the products' counterfeit and/or infringing nature in order to avoid detection by Amazon or brand owners. Yet, when customers ordered the products, the bad actors shipped counterfeit and/or infringing luxury products—just as Russell had advertised to her followers. On information and belief, Russell received a commission from the counterfeit and/or infringing sales when her social media followers clicked on a link in Russell's social media posts and purchased the products from the bad actors, including from the Trafficker Defendants.

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

4.      In summary, Russell knowingly assisted in the sale of counterfeit and infringing products by the Trafficker Defendants and other bad actors for her own personal profit, and in a coordinated attempt to obfuscate the infringement and avoid detection by Amazon and brands. As a result of their illegal actions, Defendants have infringed and misused the IP of various brands; willfully deceived and harmed Amazon and its customers; compromised the integrity of the Amazon Store; and undermined the trust that customers place in Amazon. Defendants' illegal actions have caused Amazon to expend significant resources to investigate and combat Defendants' wrongdoing, and to bring this lawsuit to prevent Defendants from inflicting future harm to Amazon and its customers.

## II.      PARTIES

5.      Amazon.com, Inc. is a Delaware corporation with its principal place of business in Seattle, Washington. Amazon.com Services LLC is a Delaware company with its principal place of business in Seattle, Washington.

6.      On information and belief, Defendant Kamryn Russell is an individual residing in Oldsmar, Florida. Russell personally participated in and/or had the right and ability to supervise, direct, and control the wrongful conduct alleged in this Complaint, and derived a direct financial benefit from that wrongful conduct.

7.      The Trafficker Defendants are a collection of individuals and entities, both known and unknown, who conspired and operated in concert with each other to engage in the counterfeiting and infringement scheme alleged in this Complaint. The Trafficker Defendants are the individuals and entities who operated, controlled, and/or were responsible for the Selling Accounts detailed in Schedules 1A and 1B. The Trafficker Defendants personally participated in and/or had the right and ability to supervise, direct, and control the wrongful conduct alleged in this Complaint, and derived a direct financial benefit from that wrongful conduct. The Trafficker Defendants are subject to liability for their wrongful conduct both directly and under principles of secondary liability including, without limitation, *respondeat superior*, vicarious liability, and/or contributory infringement.

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 3

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

8.     On information and belief, Defendants Does 1-10 (the "Doe Defendants") are individuals and/or entities working in active concert with each other and the named Defendants to knowingly and willfully manufacture, import, advertise, market, offer, distribute, and sell counterfeit and/or infringing products in the Amazon Store. The identities of the Doe Defendants are presently unknown to Amazon.

### III.   JURISDICTION AND VENUE

9.     The Court has subject matter jurisdiction over Amazon's Lanham Act claims for false designation of origin and false advertising, and contributory false designation and false advertising, pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a). The Court has subject matter jurisdiction over Amazon's breach of contract claim, and Amazon's claim for violation of the Washington Consumer Protection Act, pursuant to 28 U.S.C. §§ 1332 and 1367.

10.     The Court has personal jurisdiction over Defendants because they transacted business and committed tortious acts within and directed to the State of Washington, and Amazon's claims arise from those activities. The Trafficker Defendants affirmatively undertook to do business with Amazon, a corporation with its principal place of business in Washington, and sold counterfeit and/or infringing products in the Amazon Store. Additionally, certain of the Trafficker Defendants shipped products bearing counterfeit and/or infringing trademarks to consumers in Washington, and caused the shipment of counterfeit and/or infringing products promoted by Russell to consumers in Washington. Each Defendant committed, or facilitated the commission of, tortious acts in Washington and has wrongfully caused Amazon substantial injury in Washington.

11.     Further, the Trafficker Defendants have consented to the jurisdiction of this Court by agreeing to the Amazon Services Business Solutions Agreement ("BSA"), which provides that the "Governing Courts" for claims to enjoin infringement or misuse of IP rights in the Amazon Store are the state or federal courts located in King County, Washington. The Trafficker Defendants detailed in Schedule 1A have consented to the jurisdiction of this Court by agreeing to a version of the BSA which also provides that the "Governing Courts" for claims related to the

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 4

sale of counterfeit products in the Amazon Store are the state or federal courts located in King County, Washington.[1]

12.     Russell promoted and facilitated the sale of counterfeit and/or infringing products in the Amazon Store with knowledge that the injuries from this infringing conduct would impact Amazon in Washington. Russell's actions systematically targeted Amazon in a wrongful scheme to extract commissions from sales of infringing products in the Amazon Store. Russell used Amazon's services to enable her wrongful conduct.

13.     Personal jurisdiction is also proper in this Court over Russell because she is bound by Amazon's Conditions of Use through her use of Amazon's services, which establishes exclusive jurisdiction in the state and federal courts of King County, Washington for disputes related in any way to her use of services in the Amazon Store. Russell used, and specifically targeted, services in the Amazon Store through her promotion of counterfeit and/or infringing products disguised to look like non-infringing products, and she had actual or constructive notice of the Conditions of Use. The Conditions of Use contain a Washington forum selection clause that states: "Any dispute or claim relating in any way to your use of any Amazon Service will be adjudicated in the state or Federal courts in King County, Washington, and you consent to exclusive jurisdiction and venue in these courts." The Conditions of Use also contain a Washington choice-of-law provision.

14.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in the Western District of Washington. Venue is also proper in this Court because the Trafficker Defendants consented to it under the BSA and Russell consented to it under Amazon's Conditions of Use.

15.     Pursuant to Local Civil Rule 3(e), intra-district assignment to the Seattle Division is proper because the claims arose in this Division, where (a) Amazon resides, (b) injuries giving rise to suit occurred, and (c) Defendants directed their unlawful conduct.

---

[1] The Trafficker Defendants in Schedules 1A and 1B are subject to different versions of the BSA.

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 5

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

## IV.      FACTS

**A.      Amazon's Efforts to Prevent the Sale of Counterfeit and Infringing Goods**

16.      Amazon works hard to build and protect the reputation of its stores as a place where customers can conveniently select from a wide array of authentic goods and services at competitive prices. Amazon invests vast resources to ensure that when customers make purchases in Amazon's stores—either directly from Amazon entities or from one of its millions of third-party sellers—customers receive authentic products made by the true manufacturer of those products.

17.      A small number of bad actors seek to take advantage of the trust customers place in Amazon by attempting to create Amazon selling accounts to advertise, market, offer, distribute, and sell counterfeit and infringing products. These bad actors seek to misuse and infringe the trademarks and other IP of the true manufacturers of those products to deceive Amazon and its customers. This unlawful and expressly prohibited conduct undermines the trust that customers, sellers, and manufacturers place in Amazon, and tarnishes Amazon's brand and reputation, thereby causing irreparable harm to Amazon.

18.      Amazon continues to innovate to stay ahead of bad actors, and requires new and existing selling partners to verify their identity and documentation. Amazon investigators review the seller-provided identity documents to determine whether those documents are both valid and legitimate, such as confirming that the seller has provided a full legible copy of the document, verifying that the document matches the information the seller provided to Amazon with respect to their identity, and analyzing whether the document shows any signs of alteration, tampering, or fabrication. These measures have made it more difficult for bad actors to hide. Amazon's seller verification, coupled with continued advancements in Amazon's machine learning-based detection, are deterring bad actors from even attempting to create new Amazon selling accounts. The number of bad actor attempts to create new selling accounts decreased from 6 million attempts in 2020, to 2.5 million attempts in 2021, to 800,000 attempts in 2022.

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

19.     Amazon prohibits the sale of inauthentic and fraudulent products and is constantly innovating on behalf of its customers and working with brands, manufacturers, rights owners, and others to improve the detection and prevention of counterfeit and infringing products from ever being offered to customers in Amazon's stores. Amazon employs dedicated teams of software engineers, research scientists, program managers, and investigators to prevent counterfeit and infringing products from being offered in Amazon's stores. Amazon's systems automatically and continuously scan thousands of data points to prevent, detect, and remove counterfeit and infringing products from its stores and to terminate the selling accounts of bad actors before they can offer counterfeit and infringing products. When Amazon identifies issues based on this feedback, it takes action to address them. Amazon also uses this intelligence to improve its proactive prevention controls.

20.     In 2017, Amazon launched Brand Registry, a free service that offers rights owners an enhanced suite of tools for monitoring and reporting potential instances of infringement, regardless of their relationship with Amazon. Brand Registry delivers automated brand protections that use machine learning to predict infringement and proactively protect brands' IP. Brand Registry also provides a powerful Report a Violation Tool that allows brands to search for and report potentially infringing products using state-of-the-art image search technology. In 2022, through continued improvements in Amazon's automated protections, brands found fewer infringing products in Amazon's stores, with the number of valid notices of infringement submitted by brands in Brand Registry decreasing by more than 35% from 2021.

21.     In 2018, Amazon launched Transparency, a product serialization service that effectively eliminates counterfeits for enrolled products. Brands enrolled in Transparency can apply a unique 2D code to every unit they manufacture, which allows Amazon, other retailers, law enforcement, and customers to determine the authenticity of any Transparency-enabled product, regardless of where the product was purchased. In 2022, over 33,000 brands were using Transparency, an increase of 40% from 2021, enabling the protection of more than 900 million product units across the supply chain.

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 7

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

22.     In 2019, Amazon launched Project Zero, a program to empower brands to help Amazon drive counterfeits to zero. Project Zero introduced a novel self-service counterfeit removal tool that enables brands to remove counterfeit listings directly from Amazon's stores. This enables brands to take down counterfeit product offerings on their own within minutes. In 2022, there were more than 22,000 brands enrolled in Project Zero. For every listing removed by a brand, Amazon's automated protections removed more than 1,000 listings through scaled technology and machine learning, stopping those listings from appearing in Amazon's stores.

23.     Once a seller begins selling in Amazon's stores, Amazon continues to monitor the selling account's activities for risks. If Amazon identifies a bad actor, it closes that actor's selling account, withholds funds disbursement, and investigates whether other accounts are involved in unlawful activities.

24.     In addition to the measures discussed above, Amazon actively cooperates with rights owners and law enforcement to identify and prosecute bad actors suspected of engaging in illegal activity. Lawsuits, like this one, as well as criminal referrals, are integral components of Amazon's efforts to combat counterfeits and other inauthentic products.

**B.      The Trafficker Defendants Created Amazon Selling Accounts, Agreed Not to Sell Counterfeit or Infringing Goods, and Agreed to Provide Accurate Information to Amazon**

25.     At various times between January 2016 and June 2022, the Trafficker Defendants established, controlled, and operated the nine Selling Accounts detailed in Schedules 1A and 1B, through which they sought to advertise, market, offer, distribute, and sell counterfeit and/or infringing Prada, Chanel, Valentino Garavani, Dior, and Louis Vuitton products.

26.     To become a third-party seller in the Amazon Store, sellers are required to agree to the BSA, which governs the applicant's access to and use of Amazon's services and states Amazon's rules for selling in the Amazon Store. By entering into the BSA, each seller represents and warrants that it "will comply with all applicable Laws in [the] performance of its obligations and exercise of its rights" under the BSA. True and correct copies of the applicable versions of

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

the BSA, namely, the versions the Trafficker Defendants last agreed to when using Amazon's services, are attached as **Exhibit A**.

27.     Under the terms of the BSA, Amazon specifically identifies the sale of counterfeit goods as "deceptive, fraudulent, or illegal activity" in violation of Amazon's policies, reserving the right to withhold payments and terminate the selling account of any bad actor who engages in such conduct. Ex. A, ¶¶ 2-3. The BSA requires the seller to defend, indemnify, and hold Amazon harmless against any claims or losses arising from the seller's "actual or alleged infringement of any Intellectual Property Rights." *Id.* ¶ 6.1.

28.     Additionally, the BSA incorporates, and sellers therefore agree to be bound by, Amazon's Anti-Counterfeiting Policy, the applicable version of which is attached as **Exhibit B**. The Anti-Counterfeiting Policy expressly prohibits the sale of counterfeit goods in the Amazon Store:

- The sale of counterfeit products is strictly prohibited.

- You may not sell any products that are not legal for sale, such as products that have been illegally replicated, reproduced, or manufactured[.]

- You must provide records about the authenticity of your products if Amazon requests that documentation[.]

Failure to abide by this policy may result in loss of selling privileges, funds being withheld, destruction of inventory in our fulfillment centers, and other legal consequences.

*Id.*

29.     Amazon's Anti-Counterfeiting Policy further describes Amazon's commitment to preventing the sale and distribution of counterfeit goods in the Amazon Store together with the consequences of doing so:

- Sell Only Authentic and Legal Products. It is your responsibility to source, sell, and fulfill only authentic products that are legal for sale. Examples of prohibited products include:

  o Bootlegs, fakes, or pirated copies of products or content

  o Products that have been illegally replicated, reproduced, or manufactured

  o Products that infringe another party's intellectual property rights

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 9

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

- Maintain and Provide Inventory Records. Amazon may request that you provide documentation (such as invoices) showing the authenticity of your products or your authorization to list them for sale. You may remove pricing information from these documents, but providing documents that have been edited in any other way or that are misleading is a violation of this policy and will lead to enforcement against your account.

- Consequences of Selling Inauthentic Products. If you sell inauthentic products, we may immediately suspend or terminate your Amazon sellingaccount (and any related accounts), destroy any inauthentic products in our fulfillment centers at your expense, and/or withhold payments to you.

- Amazon Takes Action to Protect Customers and Rights Owners. Amazon also works with manufacturers, rights holders, content owners, vendors, and sellers to improve the ways we detect and prevent inauthentic products from reaching our customers. As a result of our detection and enforcement activities, Amazon may:

  o Remove suspect listings.

  o Take legal action against parties who knowingly violate this policy and harm our customers. In addition to criminal fines and imprisonment, sellers and suppliers of inauthentic products may face civil penalties including the loss of any amounts received from the sale of inauthentic products, the damage or harm sustained by the rights holders, statutory and other damages, and attorney's fees.

- Reporting Inauthentic Products. We stand behind the products sold on our site with our A-to-z Guarantee, and we encourage rights owners who have product authenticity concerns to notify us. We will promptly investigate and take all appropriate actions to protect customers, sellers, and rights holders. You may view counterfeit complaints on the Account Health page in Seller Central.

*Id.*

30.     Additionally, under the terms of the BSA, sellers agree that the information and documentation they provide to Amazon in connection with their selling accounts—such as identification, contact, and banking information—will, at all times, be valid, truthful, accurate, and complete. Specifically, the BSA requires that:

- As part of the application process, you must provide us with your (or your business') legal name, address, phone number and e-mail address, as well as any other information we may request. Ex. B. ¶ 1.

- You will use only a name you are authorized to use in connection with a[ny Amazon] Service and will update all of the information you provide to us in connection with the Services as necessary to ensure that it at all times remains accurate, complete, and valid. *Id*. ¶ 2.

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 10

- Each party represents and warrants that: (a) if it is a business, it is duly organized, validly existing and in good standing under the Laws of the country in which the business is registered and that you are registering for the Service(s) within such country; (b) it has all requisite right, power, and authority to enter this Agreement, perform its obligations, and grant the rights, licenses, and authorizations in this Agreement; (c) any information provided or made available by one party to another party or its Affiliates is at all times accurate and complete[.] *Id*. ¶ 5.

31.     When the Trafficker Defendants registered as third-party sellers in the Amazon Store, and established their Selling Accounts, they agreed not to advertise, market, offer, distribute, or sell counterfeit or infringing products, and agreed to provide Amazon with accurate and complete information and to ensure that information remained as such.

**C.     Russell Advertised, Promoted, and Facilitated Sales of the Trafficker Defendants' Counterfeit and/or Infringing Products**

32.     Russell operated and controlled social media accounts through which she promoted, advertised, and facilitated the sale of various counterfeit and/or infringing luxury products, such as counterfeit and/or infringing Prada, Chanel, Valentino Garavani, Dior, and Louis Vuitton bags, belts, and scarves.

33.     Starting as early as March 2022, Russell created posts on various social media platforms that advertised counterfeit and/or infringing jewelry, handbags, and accessories, and that provided links to websites where her followers could purchase such products. Russell's social media accounts bore various handles, each a variation on her first name, "Kamryn." Before those accounts were shut down by the social media platforms in August of 2022, Russell amassed over 50,000 followers on the video-sharing app TikTok across two accounts, over 8,000 followers on the photo sharing app Instagram, and over 17,000 followers on the influencer app Like To Know It ("LTK"). Russell also used her account with Milkshake Website Builder ("Milkshake") to promote counterfeit and/or infringing products. Milkshake is a landing page where users can post links to other websites, including to product listing pages in the Amazon Store.

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

34.     Russell's promotion of counterfeit and/or infringing products followed a pattern. Russell used her social media accounts, on platforms such as TikTok and Instagram, to direct her followers to links to product listing pages in the Amazon Store. The content of Russell's posts made clear to her followers that the products she promoted were counterfeits and/or infringements of luxury brand products. However, the bad actors' product listing pages that she linked to were disguised to display non-branded products, often with the brand's logo obfuscated or pixelated in the product image, and with text descriptions that avoided reference to the infringed brand. As illustrated in the examples below, Defendants' "hidden links" scheme was a deliberate and coordinated effort to promote the sale of counterfeit and/or infringing products while attempting to conceal their infringing conduct from Amazon and brand owners.

35.     For example, on June 6, 2022, Russell posted a video to her TikTok account that displayed a counterfeit Prada-branded woven handbag alongside a link to a product listing page in the Amazon Store, all under the heading "YES U READ THAT RIGHT" and further commenting "shout out to jeff for having those on prime," an apparent reference to Amazon Prime. In the comments to the post, Russell's followers openly discussed Russell's "hidden links" scheme, and the fact that products purchased through those links were branded, despite the obfuscation the bad actors were using in the product listing pages. For example, the most-liked comment explained that "*[e]ven though … the items [on Amazon] are not listed with the design, the design is on the item*" that is shipped to customers.

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax



Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

36.     On July 9, 2022, Russell promoted the same counterfeit Prada handbag by posting a video of the bag on her TikTok account, with the promotional tag: "pack for a beach trip [amazon edition]." In the post, Russell explained that: "Everything shown is from Amazon! [link emoji] under 'summer.'" "Summer" referred to the section under the heading "Summer" on Russell's Milkshake landing page where she posted a link to the bad actor's product listing page. Russell further acknowledged the obfuscation tactics employed by the bad actor responsible for the product listing page, as well as the product's true counterfeit nature. When a follower asked in the comments, "is the bag the one that says brand:N//A?", Russell replied "Yes." "N//A" refers to the indication on the bad actor's listing page that the brand for the bag was "not applicable," i.e., that the product was being disguised as non-branded even though the product shipped was actually a counterfeit Prada bag.



Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

37.     As acknowledged by Russell and her social media followers in the July 9, 2022 TikTok post, when customers accessed the product listing page for the counterfeit Prada-branded handbag offered for sale by the Lin Jie Exclusive Store[2] Selling Account ("Lin Jie Selling Account") at the link provided in Russell's post, the page displayed an image of a handbag with the logo obfuscated by blurring. The page further listed the brand as "N\\A," and contained a product description that stripped out any reference to Prada. Instead, the description stated: "NA Handmade Straw Bag, Travel Beach Fishing Mesh Bag, Straw Woven Bag Female Pastoral Style Weaving Hollow Shoulder Bag."

---

[2] This is the name of the Lin Jie Selling Account translated to English from its Pinyin name. The Pinyin name of the Selling Account is set forth in Schedule 1A.

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 15

1
2
3
4
5
6
7
8



9    38.    When Amazon's investigator purchased the product from the Lin Jie Selling

10 Account, the product the investigator received was a counterfeit Prada handbag bearing the

11 registered Prada trademark,[3] just as Russell had promoted in her social media posts.

12
13
14
15



16
17
18
19
20

21    39.    In another TikTok post on July 23, 2022, Russell promoted the same counterfeit

22 Prada handbag in a different color, and directed her followers to a link to an Amazon product

23 listing page on Russell's Amazon Storefront.[4] Russell again acknowledged the obfuscation

24

25 _____

[3] *See* Prada trademark (Reg. No. 2162795) (covering handbags).

26 [4] An "Amazon Storefront" is a customizable page that influencers and others can use to link to products in the Amazon Store and provide recommendations and other content to their followers. The former URL for Russell's Amazon Storefront was https://www.amazon.com/shop/kamryn_russell. Amazon closed Russell's Amazon Storefront for her violations of its anti-counterfeiting policies.

27

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

tactics used by the bad actor responsible for the product listing page. In her post, Russell states, "***trusted the process and ordered this bag***" (emphasis added), and displayed a bag that clearly bore the Prada mark. In response to a follower's question, "Was this from the N//A seller or the newer seller in your storefront?", she stated, "NA," again referring to the fact that the item was disguised as non-branded on the bad actor's Amazon product listing page.



Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

1    40.    Russell also used the same hidden links scheme to promote the sale of counterfeit

2  Christian Dior handbags. On or about April 4, 2022, Russell posted an image of a handbag on

3  her Instagram account. While the logo of the handbag was blurred in the product image, Russell

4  explained to her followers that it actually was a "*CHRISTIAN DIOR TOTE !!*" Underneath the

5  product image, Russell posted a link to a bad actor's product listing page in the Amazon Store.



19    41.    The product listing page that Russell linked to displayed a non-branded handbag

20  offered for sale by the CHRIDIOR-Store Selling Account ("CHRIDIOR Selling Account"). This

21  listing contained no references to Christian Dior; instead, the product description stated "Hand-

22  Woven Straw Handbag Bag Top Handle Satchel Handbags Handmade Large Tote Bag Summer

23  Beach Bag Shoulder Bag for Women," and listed the "Brand" as "NATELEI." Notably, the

24  product image on the listing page blurred the Christian Dior trademarks in an effort to

25  circumvent Amazon's anti-counterfeit detection tools. This is the same obfuscation tactic used in

26  Russell's Instagram post, except unlike Russell's post, the listing page for the CHRIDIOR

27

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 18

Selling Account's product did not explain that the item being sold was actually a counterfeit Christian Dior handbag.



42.     When Amazon's investigator purchased the product offered for sale by the CHRIDIOR Selling Account in the listing shown above, the product the investigator received was a counterfeit Christian Dior handbag bearing the registered Christian Dior trademark, as shown below—and just as Russell promoted in her social media post.[5]



---

[5] *See* Christian Dior trademark (Reg. No. 0543994) (covering handbags).

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 19

43.     Russell's posts leave no doubt that her promotion of counterfeit and/or infringing products was knowing, deliberate, and willful. Her intent is shown by posts where she acknowledged the products were branded with the registered trademarks of various luxury brands, but linked to listing pages where the products were disguised as non-branded, non-infringing products. As another example, on or about June 21, 2022, Russell wrote in a post on Instagram: "LV EARRINGS IN DIFFERENT STYLES," above an image of earrings. The image is obfuscated to blur the "L" in the "LV" design.[6] Below the image, Russell provided a link to a product listing page in the Amazon Store, where bad actors likewise obfuscated the LV trademark.



44.     Russell is well aware of the difference between authentic and counterfeit luxury products. Indeed, Russell's social media posts distinguished when she was showing authentic

---

[6] *See* LV trademark (Reg. Nos. 5477535; 6115804) (covering earrings).

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 20

goods, as opposed to the counterfeit goods she promoted in her "hidden links" scheme. For example, on or about July 4, 2022, Russell posted a video to her TikTok account in which she displayed a Louis Vuitton pouch that she deemed one of her "go-to every day items." A follower's comment on that video asked Russell whether "the pouch is in [Russell's Amazon] storefront." Implicitly acknowledging that the items she promoted through her Amazon Storefront were counterfeit, Russell responded to the comment: "No ***it's authentic***" (emphasis added).





45. Likewise, on or about July 8, 2022, Russell posted another video to her TikTok account, this time featuring a luxury brand tote bag with the brand's trademark prominently

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

displayed. In a comment to the video, a follower asked Russell for a "[l]ink pretty pleaseeeeeee" in order to purchase the tote bag. Russell responded "***It's authentic***" (emphasis added). This was another acknowledgment by Russell that she used hidden links to promote counterfeit and infringing items—not authentic items.

46.     On information and belief, TikTok has blocked at least two of Russell's accounts for promoting counterfeit and/or infringing products. On further information and belief, Instagram has also disabled Russell's account for promoting counterfeit and/or infringing products.

47.     On information and belief, Russell generated substantial commissions from the sales of the counterfeit and/or infringing products that she knowingly promoted either as an Amazon affiliate or through a third-party affiliate platform. Each time Russell shared a link to a product listed for sale in the Amazon Store, the link contained her unique ID tags generated from Amazon and/or the third-party affiliate platform. When customers clicked on one of Russell's links containing her unique ID and purchased the product, Russell earned a commission from that sale.

48.     Through her social media posts, which contained an affiliate link with her unique ID, Russell promoted counterfeit and/or infringing products offered for sale in the Amazon Store by the Trafficker Defendants. On information and belief, Russell personally profited from her promotion of counterfeit and/or infringing products that infringed various brands including Prada, Chanel, Valentino Garavani, Dior, and Louis Vuitton.

49.     In fact, Russell's own social media posts indicate that she has generated substantial commissions from her promotion of products which, on information and belief, include her knowing promotion of counterfeit and/or infringing products. In one TikTok video posted on July 6, 2022, Russell claimed that she has made over six figures on TikTok, and displayed an image showing that she had earned over $24,000 in commissions over a one-month period.

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax



**D.    The Trafficker Defendants' Sale of Counterfeit and/or Infringing Products**

50.    The Trafficker Defendants advertised, marketed, offered, distributed, and sold counterfeit and/or infringing Prada-branded handbags, Chanel-branded handbags, Valentino Garavani-branded belts, Christian Dior-branded handbags, and/or Louis Vuitton-branded handbags and accessories in the Amazon Store. The counterfeit and/or infringing luxury brand products sold by the Trafficker Defendants are identified and described in Schedules 1A and 1B. Amazon has determined that the Prada, Chanel, Valentino Garavani, Christian Dior, and Louis Vuitton products sold and offered for sale by the Trafficker Defendants are likely counterfeit and/or infringing based on Russell's promotion of the products in connection with her hidden links scheme; the Trafficker Defendants' use of obfuscation on the listing pages for the products; the registered trademarks that Amazon has confirmed appear on the products through test buys; and the price point at which the Trafficker Defendants were selling the products, among other factors. Furthermore, Prada, Chanel, and Valentino Garavani have each reviewed physical samples and/or images of the products sold and offered for sale by certain of the Trafficker Defendants, and determined that the products are counterfeit and/or infringing, each bears a

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

counterfeit trademark, and that each brand has never authorized the sale of such products, as detailed in Schedule 1A.

**E.      Amazon Shut Down Russell's Amazon Storefront and the Trafficker Defendants' Selling Accounts**

51.      As demonstrated above, Russell used her social media accounts to promote the sale of counterfeit and/or infringing luxury brand items by bad actors in the Amazon Store. Amazon has conducted multiple test purchases from product listing pages of bad actors linked in Russell's social media posts as detailed in Schedules 1A and 1B and determined that the products shipped by the bad actors are counterfeit and/or infringing. Further, and also as demonstrated above, Russell's promotion of these counterfeit and/or infringing products was knowing, deliberate, and done for personal profit.

52.      After Amazon verified Russell was using her Amazon Storefront to promote counterfeit and/or infringing products for sale in the Amazon Store, Amazon promptly took action to protect its customers and partnering brands and deactivated Russell's Amazon Storefront.

53.      By selling counterfeit and infringing products, the Trafficker Defendants violated the BSA and Amazon's policies. The Trafficker Defendants also knowingly and willfully used the unauthorized IP of third parties in connection with their advertising, marketing, offering, distributing, and selling of counterfeit and/or infringing products.

54.      At all times, the Trafficker Defendants knew they were prohibited from violating third-party IP rights or any applicable laws while selling products in the Amazon Store, from providing inaccurate information to Amazon and its customers, from misrepresenting the authenticity of the products sold, and from misleading Amazon and its customers through their sale of inauthentic products. The Trafficker Defendants have breached the terms of their agreements with Amazon; deceived Amazon's customers and Amazon; infringed and misused the IP rights of Prada, Chanel, Valentino Garavani, Dior, and/or Louis Vuitton; harmed the integrity of and customer trust in the Amazon Store; and tarnished Amazon's brand.

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

55.     After Amazon verified Defendants' sale of counterfeit and/or infringing products, it promptly blocked the Trafficker Defendants' Selling Accounts. In doing so, Amazon exercised its rights under the BSA to protect its customers and the reputations of Amazon, Prada, Chanel, Valentino Garavani, Dior, and Louis Vuitton.

## V.     CLAIMS

### FIRST CLAIM
*(by Amazon against the Trafficker Defendants)*
**False Designation of Origin and False Advertising – 15 U.S.C. § 1125(a)**

56.     Amazon incorporates by reference the allegations of the preceding paragraphs as though set forth herein.

57.     Amazon's reputation for trustworthiness is at the heart of its relationship with customers. The Trafficker Defendants' actions in selling counterfeit and/or infringing products posed a threat to Amazon's reputation because they undermined and jeopardized customer trust in the Amazon Store.

58.     Specifically, the Trafficker Defendants deceived Amazon and its customers about the authenticity of the products they were advertising, marketing, offering, distributing, and selling, in direct and willful violation of the BSA and Amazon's Anti-Counterfeiting Policies. Defendants' deceptive acts were material to Amazon's decision to allow Defendants to sell their products in the Amazon Store because Amazon would not have allowed the Trafficker Defendants to do so but for their deceptive acts.

59.     In advertising, marketing, offering, distributing, and selling counterfeit and/or infringing Prada, Chanel, Valentino Garavani, Dior, and/or Louis Vuitton products in the Amazon Store, the Trafficker Defendants made false and misleading statements of fact about the origin, sponsorship, or approval of those products in violation of 15 U.S.C. § 1125(a)(1)(A).

60.     The Trafficker Defendants' acts also constituted willful false statements in connection with goods and/or services distributed in interstate commerce in violation of 15 U.S.C. § 1125(a)(1)(B).

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 25

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

61.     As described above, the Trafficker Defendants, through their illegal acts, have willfully deceived Amazon and its customers, jeopardized the trust that customers place in the Amazon Store, tarnished Amazon's brand and reputation, and harmed Amazon and its customers. The Trafficker Defendants' misconduct has also caused Amazon to expend significant resources to investigate and combat the Trafficker Defendants' wrongdoing and to bring this lawsuit to prevent the Trafficker Defendants from causing further harm to Amazon and its customers. The Trafficker Defendants' illegal acts have caused irreparable injury to Amazon and, on information and belief, that injury is ongoing at least to the extent that the Trafficker Defendants continue to establish selling accounts under different or false identities. An award of monetary damages alone cannot fully compensate Amazon for its injuries, and thus Amazon lacks an adequate remedy at law.

62.     Amazon is entitled to an injunction against the Trafficker Defendants, their officers, agents, representatives, servants, employees, successors and assigns, and all other persons in active concert or participation with them, as set forth in the Prayer for Relief below, along with its attorneys' fees and costs in investigating and bringing this lawsuit.

63.     Amazon is also entitled to recover its damages arising from the sale of counterfeit products in the Amazon Store by the Trafficker Defendants in Schedule 1A.

**SECOND CLAIM**
***(by Amazon against Russell)***
**Contributory False Designation of Origin and False Advertising – 15 U.S.C. § 1125(a)**

64.     Amazon incorporates by reference the allegations of the preceding paragraphs as though set forth herein.

65.     Russell is liable for contributory false designation of origin and false advertising for her knowing facilitation and assistance in the sale of counterfeit and/or infringing products offered by the Trafficker Defendants.

66.     Russell's actions were designed to encourage and facilitate the sale of products by the Trafficker Defendants that Russell knew or should have known were counterfeit and/or infringing, and that were likely to lead to consumer confusion about the source or sponsorship of

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

the goods. As set forth above, Russell repeatedly directed and instructed her social media followers on how to purchase infringing products in the Amazon Store, explaining that by clicking on the links in her posts, her followers could purchase counterfeit and infringing luxury brand products in the Amazon Store.

67.     The product listing pages in the Amazon Store were disguised as non-branded products in a coordinated scheme between Russell and bad actors such as the Trafficker Defendants to conceal their promotion and sale of counterfeit and/or infringing products, deceive Amazon, and evade Amazon's counterfeit and infringement detection systems.

68.     As described above, Russell, through her illegal acts, has jeopardized the trust that customers place in the Amazon Store and harmed Amazon and its customers. Russell's misconduct has also caused Amazon to expend significant resources to investigate and combat her wrongdoing and to bring this lawsuit to prevent her from causing further harm to Amazon and its customers. Russell's illegal acts have caused irreparable injury to Amazon and, on information and belief, that injury is ongoing to the extent that Russell continues to advertise and actively facilitate the sale of counterfeit and/or infringing products in the Amazon Store. An award of monetary damages alone cannot fully compensate Amazon for its injuries, and thus Amazon lacks an adequate remedy at law.

69.     Plaintiffs are entitled to an injunction against Russell, her officers, agents, representatives, servants, employees, successors and assigns, and all other persons in active concert or participation with her, as set forth in the Prayer for Relief below, along with its attorneys' fees and costs in bringing this lawsuit.

### THIRD CLAIM
#### (by Amazon against the Trafficker Defendants)
#### Violation of Washington Consumer Protection Act, RCW 19.86.010, *et seq.*

70.     Amazon incorporates by reference the allegations of the preceding paragraphs as though set forth herein.

71.     The Trafficker Defendants' promoting, advertising, marketing, offering, distributing, and/or selling of counterfeit and/or infringing products constitute an unfair method

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 27

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

of competition and unfair and deceptive acts or practices in the conduct of trade or commerce, in violation of RCW 19.86.020.

72.     The Trafficker Defendants' promoting, advertising, marketing, offering, distributing, and/or selling of counterfeit and/or infringing products harm the public interest by deceiving customers about the authenticity, origins, and sponsorship of the products.

73.     The Trafficker Defendants' promoting, advertising, marketing, offering, distributing, and/or selling of counterfeit and/or infringing products directly and proximately causes harm to and tarnishes Amazon's reputation and brand, and damages its business and property interests and rights.

74.     Accordingly, Amazon seeks to enjoin further violations of RCW 19.86.020 and recover from the Trafficker Defendants their attorneys' fees and costs. Amazon further seeks to recover from the Trafficker Defendants in Schedule 1A its actual damages, trebled, regarding their activities involving the sale of counterfeit products.

### FOURTH CLAIM
*(by Amazon.com Services LLC[7] against the Trafficker Defendants listed in Schedule 1A)[8]*
**Breach of Contract**

75.     Amazon incorporates by reference the allegations of the preceding paragraphs as though set forth herein.

76.     The Trafficker Defendants each established an Amazon selling account and entered into Amazon's BSA, a binding and enforceable contract between the Trafficker Defendants and Amazon. The Trafficker Defendants also each contractually agreed to be bound by the policies incorporated by reference into the BSA, including Amazon's Anti-Counterfeiting Policy and other policies as maintained on the Amazon seller website.

77.     Amazon performed all obligations required of it under the terms of the contract with Defendants or was excused from doing so.

---

[7] For the Fourth Claim only, "Amazon" shall refer to Amazon.com Services LLC only.

[8] For the Fourth Claim only, "Trafficker Defendants" shall refer to the Defendants listed in Schedule 1A only. The Trafficker Defendants in Schedule 1B are subject to a different version of the BSA.

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 28

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

78.     The Trafficker Defendants' sale and distribution of counterfeit products materially breached the BSA and the Anti-Counterfeiting Policy in numerous ways. Among other things, the Trafficker Defendants' conduct constitutes infringement and misuse of the IP rights of brands such as Prada, Chanel, Louis Vuitton, Valentino Garavani, and/or Christian Dior.

79.     The Trafficker Defendants' breaches have caused significant harm to Amazon, and Amazon is entitled to damages in an amount to be determined owing to their activities involving the sale of counterfeit products.

## VI.     PRAYER FOR RELIEF

WHEREFORE, Amazon respectfully prays for the following relief:

A.      That the Court enter an order permanently enjoining Defendants, their officers, agents, representatives, servants, employees, successors, assigns, and all others in active concert or participation with them, from:

      (i)      selling products in Amazon's stores;

      (ii)     selling products to Amazon or any affiliate;

      (iii)    opening or attempting to open any Amazon Vendor, Selling, or Associate accounts;

      (iv)     importing, manufacturing, producing, distributing, circulating, offering to sell, selling, advertising, promoting, or displaying any product or service using any simulation, reproduction, counterfeit, copy, or colorable imitation of Amazon's brand or trademarks, or which otherwise infringes Amazon's IP, on any platform or in any medium; and

      (v)      assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (i) through (iv) above;

B.      That the Court enter judgment in Amazon's favor on all claims brought by it;

C.      That the Court enter an order disabling Russell's social media accounts that

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

promote, advertise, market, offer to sell, or facilitate the sale of any counterfeit or infringing products;

D.    That the Court enter an order pursuant to 15 U.S.C. § 1118 impounding and permitting destruction of all counterfeit and infringing products bearing a third party's trademark or that otherwise infringe a third party's IP, and any related materials, including business records and materials used to reproduce any infringing products, in the Trafficker Defendants' possession or under their control;

E.    That the Court enter an order requiring the Trafficker Defendants to provide Amazon a full and complete accounting of all amounts due and owing to Amazon as a result of their unlawful activities involving the sale of counterfeit products;

F.    That the Court enter an order requiring Russell to provide Amazon a full and complete accounting of all amounts due and owing to Amazon as a result of her unlawful activities;

G.    That the Court enter an order requiring the Trafficker Defendants in Schedule 1A pay Amazon's damages, plus their profits, from the unlawful conduct described herein related to their activities involving the sale of counterfeit products, and for such amounts to be enhanced, doubled, or trebled as provided for by 15 U.S.C. § 1117, RCW 19.86.020, or otherwise allowed by law;

H.    That the Court enter an order requiring Russell to pay Amazon's damages, plus her profits, from the unlawful conduct described herein, and for such amounts to be enhanced, doubled, or trebled as provided for by 15 U.S.C. § 1117, RCW 19.86.020, or otherwise allowed by law;

I.    That the Court enter an order requiring Defendants to pay the maximum amount of prejudgment interest authorized by law;

J.    That the Court enter an order requiring Defendants to pay the costs of this action and Amazon's reasonable attorneys' fees incurred in prosecuting this action, as provided for by 15 U.S.C. § 1117, RCW 19.86.020, or otherwise allowed by law;

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

1   K.   That the Court enter an order requiring that identified financial institutions

2   restrain and transfer to Amazon all amounts arising from Defendants' unlawful counterfeiting

3   and infringing activities as set forth in this lawsuit, up to a total amount necessary to satisfy

4   monetary judgment in this case; and

5   L.   That the Court grant Amazon such other, further, and additional relief as the

6   Court deems just and equitable.

7

8   DATED this 6th day of September, 2023.

9                                              DAVIS WRIGHT TREMAINE LLP
                                               *Attorneys for Plaintiffs*
10

11                                             *s/ Scott R. Commerson*
                                               Scott R. Commerson, WSBA #58085
12                                             865 South Figueroa Street, Suite 2400
                                               Los Angeles, CA 90017-2566
13                                             Tel: (213) 633-6800
                                               Fax: (213) 633-6899
14                                             Email: scottcommerson@dwt.com

15                                             *s/ Lauren Rainwater*
                                               Lauren Rainwater, WSBA #43625
16                                             920 Fifth Avenue, Suite 3300
                                               Seattle, WA 98104-1604
17                                             Tel: (206) 622-3150
                                               Fax: (206) 757-7700
18                                             Email: laurenrainwater@dwt.com

19

20

21

22

23

24

25

26

27

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 31

## <u>SCHEDULE 1A</u>

**<u>DEFENDANT 1:</u>**

Selling Account Name: Linjiezhuanmai[1]
Dates of Known Sales of Infringing Products: June 13, 2022 to June 14, 2022

| **Purported Product** | **Confirmation of Counterfeit** |
|---|---|
| NA Handmade Straw Bag, Travel Beach Fishing Mesh Bag, Straw Woven Bag Female Pastoral Style Weaving Hollow Shoulder Bag<br><br>ASIN[2]: B0B1ZYBSMJ | • On or about June 13, 2022, Amazon conducted a test purchase of the listed product.<br>• Amazon provided images of the test-purchased product to Prada, and Prada confirmed that the item is counterfeit based on deviations from Prada's authentic product. |

**<u>DEFENDANT 2:</u>**

Selling Account Name: Pikesi
Dates of Known Sales of Infringing Products: May 13, 2022 to June 17, 2022

| **Purported Product** | **Confirmation of Infringement** |
|---|---|
| AOOF Sheepskin Handbag Leather Chain one Shoulder Small Square Bag Versatile Handbag net red Bead Ball lingge Women's Bag Black<br><br>ASIN: B09WQ9DD9L | • On or about June 7, 2022, Amazon conducted a test purchase of the listed product.<br>• Amazon provided images of the test purchased product to Chanel, and Chanel confirmed that the item is infringing based on deviations from Chanel's authentic product. |

---

[1] The translation of this Selling Account name from Pinyin to English is Lin Jie Exclusive Store.

[2] ASIN refers to "Amazon Standard Identification Number," which is a unique series of ten alphanumeric characters that is assigned to each product listed for sale in Amazon's stores.

**DEFENDANT 3:**

Selling Account Name: zhoumifushi
Dates of Known Sales of Infringing Products: June 7, 2022 to July 12, 2022

| Purported Product | Confirmation of Counterfeit |
|---|---|
| Fashion V Belt Women Leather Belts 1.5in Width Belts for Women Black 95<br><br>ASIN: B09YNTS56R | • On or about June 7, 2022, Amazon conducted a test purchase of the listed product.<br><br>• Amazon provided images of the test purchased product to Valentino Garavani, and Valentino Garavani confirmed that the item is counterfeit based on deviations from Valentino Garavani's authentic product. |

**DEFENDANT 4:**

Selling Account Name: CHRIDIOR-Store/CNDY-Store[3]
Dates of Known Sales of Infringing Products: June 13, 2022 to June 17, 2022

| Purported Product | Confirmation of Counterfeit |
|---|---|
| Hand-Woven Straw Handbag Bag Top Handle Satchel Handbags Handmade Large Tote Bag Summer Beach Bag Shoulder Bag for Women<br><br>ASIN: B09YN7Q15N | • On or about June 13, 2022, Amazon conducted a test purchase of the listed product.<br><br>• Based on Defendant Russell's promotion of the listed product, the Selling Account's use of obfuscation on the listing page for the product, Amazon's confirmation that registered trademarks appear on the product shipped by the Selling Account, and the price point for which the Selling Account was selling the product, among other things, Amazon has determined that the product is likely a counterfeit. |

---

[3] Amazon offers third-party sellers and brand owners the ability to sell products in Amazon's stores by registering Amazon selling accounts. Amazon requires each selling account to be registered under a unique name, and each selling account is also assigned a unique identification number by Amazon. The selling account names selected by third-party sellers do not necessarily reflect the legal names of their businesses. Subsequent to the date of the test purchase, the CHRIDIOR-Store selling account changed the name of the selling account to CNDY-Store. This selling account has no affiliation with Christian Dior.

**DEFENDANT 5:**

Selling Account Name: CVAAA&
Dates of Known Sales of Infringing Products: March 24, 2022 to June 10, 2022

| Purported Product | Confirmation of Counterfeit |
|---|---|
| Luxury cashmere scarf fashion soft long shawl warm scarf for men and women, four seasons birthday, mother's day, Valentine's Day scarf (C11)<br><br>ASIN: B09TH5QLHG | • On or about June 7, 2022, Amazon conducted a test purchase of the listed product.<br><br>• Based on Defendant Russell's promotion of the listed product, the Selling Account's use of obfuscation on the listing page for the product, Amazon's confirmation that registered trademarks appear on the product shipped by the Selling Account, and the price point for which the Selling Account was selling the product, among other things, Amazon has determined that the product is likely counterfeit. |

**DEFENDANT 6:**

Selling Account Name: DXMOYZY
Dates of Known Sales of Infringing Products: April 26, 2022 to July 8, 2022

| Purported Product | Confirmation of Counterfeit |
|---|---|
| Cosmetic Bag Organizer Travel Handbags Multifunction For Neverfull Organizer Tote, Sundries Sorting Purse<br><br>ASIN: B09YQF72BQ | • On or about June 13, 2022, Amazon conducted a test purchase of the listed product.<br><br>• Based on Defendant Russell's promotion of the listed product, the Selling Account's use of obfuscation on the listing page for the product, Amazon's confirmation that registered trademarks appear on the product shipped by the Selling Account, and the price point for which the Selling Account was selling the product, among other things, Amazon has determined that the product is likely counterfeit. |

## SCHEDULE 1B

**DEFENDANT 7:**

Selling Account Name: Longzius
Dates of Known Sales of Infringing Products: May 5, 2022 to September 29, 2022

| Purported Product | Confirmation of Counterfeit |
|---|---|
| EZOLY Women Summer Beach Bag, Straw bag, Woven Handbag, Straw Bags for Women Beach, Beach Bags for Women, Straw Purses for Women<br><br>ASIN: B09Z9JH887 | • On or about June 7, 2022, Amazon conducted a test purchase of the listed product.<br><br>• Based on Defendant Russell's promotion of the listed product, the Selling Account's use of obfuscation on the listing page for the product, Amazon's confirmation that registered trademarks appear on the product shipped by the Selling Account, and the price point for which the Selling Account was selling the product, among other things, Amazon has determined that the product is likely counterfeit. |